No. 14224

IN THE SUPREME COURT OF THE STATE OF MONTAN

1978

---

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

ELWOOD WILLIAM RYAN,

Defendant and Respondent.

---

Appeal from: District Court of the Thirteenth Judicial
District,
Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Harold F. Hanser, County Attorney, Billings, Montana
James D. Walen, argued, Deputy County Attorney,
Billings, Montana

For Respondent:

Berger, Anderson, Sinclair and Murphy, Billings,
Montana
Chris J. Nelson argued, Billings, Montana

---

Submitted: December 11, 1978

Decided: JAN 16 1979

Filed: JAN 16 1979

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal is brought by the State of Montana from an order of the District Court, Thirteenth Judicial District, suppressing certain statements made by defendant Elwood Ryan during the execution of a search warrant at his home. The appeal is authorized by section 95-2403(2)(f), R.C.M. 1947, which permits the State to appeal from any court order in a criminal case which results in the suppression of a confession or admission.

At approximately 10:00 a.m. on September 22, 1977, two detectives from the Yellowstone County sheriff's office and two sheriff's officers from Garfield County arrived at defendant's home in Jordan, Montana. The detectives were in plain clothes and drove an unmarked car while the Garfield County officers were in uniform and drove a sheriff's vehicle. When the officers arrived, defendant and his stepson were outside the house working on a vehicle parked in the yard. Detective Ellis presented defendant with a search warrant authorizing the officers to search his home for various firearms which defendant had earlier reported stolen and for which he had received insurance compensation. Upon reading a copy of the warrant defendant reportedly told the officers, "Well, you guys have got me anyway. I will just show you where the guns are at."

At the time the statement was made defendant had not been given a Miranda warning. Inside the house defendant requested the officers to wait while his wife got out of bed and dressed. When she had done so, he escorted them into his bedroom where he pointed to the closet saying "the guns are in there." At this point the officers had been at

-2-

defendant's home approximately ten minutes and still had not informed defendant of his right to remain silent or to consult with an attorney. When the officers began checking the serial numbers on the various weapons they found in the closet, defendant told them that there was no sense in writing them down because he had altered them after turning in the burglary report. It was only after this statement by defendant that the officers placed defendant under arrest and informed him of his rights.

At the suppression hearing held February 17, 1978, the District Court held that all the statements made by defendant prior to his arrest were inadmissible for failure to give the Miranda warning.

The sole issue on this appeal is whether the statements made by defendant prior to his arrest were the product of custodial interrogation and therefore inadmissible for lack of a Miranda warning.

The State argues that defendant's statements before arrest were completely voluntary and that until the time of his arrest, defendant had not been deprived of his freedom in any significant way. The State further argues that the officers had not initiated any sort of interrogation or focused their investigation on defendant. Under these circumstances, it contends, the Miranda requirement is not applicable.

Defendant argues the District Court's suppression order should be affirmed because the presence of four armed officers with a search warrant deprived him of his freedom in a significant way and that he should have been informed of his rights to remain silent prior to making any statements.

In Escobedo v. Illinois (1964), 378 U.S. 478, 490-91, 12 L Ed 2d 977, 986, 84 S.Ct. 1758, 1765, the United States Supreme Court held that where the investigation of a crime has begun to focus on a particular suspect, the suspect is in custody, the police interrogate the suspect thereby eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with counsel, and the police have not effectively warned the suspect of his right to remain silent, the suspect has then been denied his Sixth Amendment right to "the assistance of counsel" and therefore "no statement elicited by the police during the interrogation may be used against him at a criminal trial."

This rule was developed further in Miranda v. Arizona (1966), 384 U.S. 436, 478-79, 86 S.Ct. 1602, 1630, 16 L Ed 2d 694, 726, to require that when an individual is "taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning," the authorities must employ procedural safeguards to "notify the person of his right of silence and to assure that the exercise of the right will be scrupulously honored . . ." ". . . [U]nless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him." 384 U.S. at 479, 86 S.Ct. at 1630, 16 L Ed 2d at 726.

The Escobedo and Miranda holdings both applied to interrogations which were conducted after the suspect had been taken to the police station. However, in 1969, the Supreme Court applied the Miranda rule to an interrogation conducted at a boarding house in the room of a suspect. Orozco v. Texas (1969), 394 U.S. 324, 89 S.Ct. 1095, 22 L Ed

2d 311. In _Orozco_ four officers entered the suspect's room at 4:00 a.m. and questioned him concerning a shooting, without arresting him or informing him of his rights. During the questioning, the suspect admitted that he had been at the restaurant where the shooting occurred and revealed the location of his pistol which was later shown to be the one used in the shooting. The Supreme Court dismissed the prosecution's argument that _Miranda_ did not apply to those statements because they were made while the defendant was on his own bed and in familiar surroundings. Instead, the Court emphasized the words from _Miranda_ which declare that the warnings are required when the person being questioned is "in custody at the station _or otherwise deprived of his freedom of action in any significant way_." 394 U.S. at 327, 89 S.Ct. at 1097, 22 L Ed 2d at 315. (Emphasis in original.)

In the present case defendant argues that the rationale of _Orozco_ applies because four officers descended upon his premises at once and while not technically placing him under arrest, deprived him of his freedom of action in a significant way. The State focuses on the time, place, and circumstances of both the execution of the search and the making of the incriminating statements. In particular it points out that the officers arrived at defendant's home at 10:00 a.m., that defendant was not incommunicado and was in the presence and company of his wife and stepson, and that the officers did not actually interrogate defendant about an alleged crime but made their purpose known by serving a search warrant on him.

Of particular significance to this set of facts is the lack of questioning by the officers. In Brewer v. Williams

-5-

(1977), 430 U.S. 387, 97 S.Ct. 1232, 51 L Ed 2d 424, the Supreme Court held inadmissible the statements of a suspect who gave incriminating evidence even after he had been informed of his right to remain silent because, after his lawyer had refused to permit interrogation, he was questioned in the lawyer's absence. In Brewer, the defendant, while riding across Iowa with two detectives, was questioned once at the beginning of the trip. Sometime later in the journey he made the incriminating statements. 430 U.S. at 392-93, 97 S.Ct. at 1236-37, 51 L Ed 2d at 432-33. Having once asserted his right to silence in the absence of his lawyer, the defendant could not again be questioned absent a strong showing of waiver. 430 U.S. at 404-06, 97 S.Ct. at 1242-43, 51 L Ed 2d at 439-41. Thus, where questioning takes place in a custodial setting the dictates of Miranda must be carefully followed.

In the same term as the Brewer decision, however, the Supreme Court considered the case of Oregon v. Mathiason (1977), 429 U.S. 492, 97 S.Ct. 711, 50 L Ed 2d 714. In Mathiason it held that a parolee who voluntarily came to a police station was not subjected to custodial interrogation when he was questioned about a crime because he had been told that he was not under arrest when the questioning began and was free to leave a half hour later when the interview ended. 429 U.S. at 495, 97 S.Ct. at 714, 50 L Ed 2d at 719. The Court reasoned that a noncustodial situation is not "converted into one in which Miranda applies" simply because the questioning takes place in a "coercive environment":

> "Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause

the suspect to be charged with a crime. But police officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.' It was *that* sort of coercive environment to which *Miranda* by its terms was made applicable, and to which it is limited." 429 U.S. at 495, 97 S.Ct. at 714, 50 L Ed 2d at 719.

Thus, *Miranda* applies to a questioning which takes place in a coercive environment in which the suspect's freedom of action has been significantly restricted. From the facts of the present case, defendant argues that his freedom had been so restricted by the presence of the officers. However, the other crucial element of the *Escobedo*, *Miranda*, *Orozco*, and *Brewer* cases is missing here--that is, the questioning by the officers. As was pointed out in *Miranda*, a confession which is truly voluntary is not foreclosed from evidence because made before the person confessing has been warned of his rights:

"Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." 384 U.S. at 478, 86 S.Ct. at 1630, 16 L Ed 2d at 726.

As applied to the facts of this case, the holdings of *Escobedo*, *Miranda*, *Orozco*, and *Brewer* do not require that the statements of defendant be excluded from the prosecution's evidence. Defendant was not questioned. He simply

decided to admit that he still had the firearms. Where the entire situation was free from any coercion or deprivation of freedom of action by the law enforcement officers and the statements were not the result of interrogation, the requirements of Miranda were not applicable. Oregon v. Mathiason, 429 U.S. at 495, 97 S.Ct. at 714, 50 L Ed 2d at 719; Beckwith v. United States (1976), 425 U.S. 341, 347-48, 96 S.Ct. 1612, 1616-17, 48 L Ed 2d 1, 8; United States v. Shelby (7th Cir. 1978), 573 F.2d 971, 975-76; United States v. Long Soldier (8th Cir. 1977), 562 F.2d 601, 603, n.1(2); Annot. 31 A.L.R.3d 565, 676-80 (1970).

The holdings in State v. District Court of Eighth Jud. Dist. (1978), _____ Mont. ____, 577 P.2d 849, 35 St.Rep. 481, and State ex rel. Kotwicki v. District Court (1975), 166 Mont. 335, 532 P.2d 694, are not directly in point with this case but lend considerable strength to the State's position. In those cases the statements or confessions made by the accused occurred while in custody. Due to the special circumstances in each, however, the confession was held admissible. In the first case the accused made a spontaneous confession after he had been informed of his rights. Though the accused was in a police vehicle at the time he made the confession, the police had not elicited a statement as in Brewer. 577 P.2d at 854, 35 St.Rep. at 487. In Kotwicki the defendant had not been informed of his rights to silence and an attorney, but this Court found the confession or admission appeared uncoerced and spontaneous. 166 Mont. at 344, 532 P.2d at 698-99. In neither Kotwicki nor District Court of Eighth Jud. Dist. did this Court attempt to expand the scope or application of Miranda beyond

the federal constitutional requirements established by the
United States Supreme Court.

The judgment of the District Court is reversed and the
cause remanded for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices